# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Fort Lauderdale Division

Case No.:

MARIA MATTERA

    Plaintiff,

v.

MSC CRUISES, S.A.,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARIA MATTERA hereby sues Defendant MSC CRUISES, S.A. ("MSC") a foreign corporation, for damages and demands a jury trial on all issues so triable.

## JURISDICTION AND VENUE

1. This is an action under general maritime law and the laws of Florida as applicable. This action is for damages in excess of the required minimal jurisdictional limit of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest, and is otherwise within the jurisdiction of this Court.

2. Plaintiff MARIA MATTERA is a resident of New Jersey. Defendant MSC is a foreign corporation with its principal place of business in Broward County, Florida. Accordingly, diversity of citizenship jurisdiction exists for this case under 28 U.S.C. §1332.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant MSC resides in this District and is engaged in and doing business in Broward County, Florida,

with its principal place of business located at 6750 N Andrews Ave #100, Fort Lauderdale, FL 33309.

4. In addition, jurisdiction and venue are proper against Defendant MSC, as the passenger ticket contract requires that this action be brought in the United States District Court for the Southern District in Broward County, Florida.

5. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## THE PARTIES

6. Plaintiff MARIA MATTERA is a resident of New Jersey, over the age of eighteen (18) and is otherwise *sui juris*.

7. Defendant MSC is a foreign, for-profit corporation, engaged in, and conducting business in, Broward County, Florida, with its principal place of business located at 6750 N Andrews Ave #100, Fort Lauderdale, FL 33309.

8. Defendant MSC is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Fort Lauderdale, Florida. Defendant MSC derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Broward County, Florida.

9. At all times material hereto, Defendant MSC was the bare-boat charterer of a sea-faring passenger vessel and cruise ship, the *MSC Meraviglia* (the "Subject Vessel").

10. At all times material, Defendant MSC owned, operated, managed, maintained, supervised, chartered, and/or controlled the Subject Vessel.

## GENERAL ALLEGATIONS

11. On or about June 19, 2023, Plaintiff MARIA MATTERA was lawfully and properly a fare-paying passenger and business invitee onboard the Subject Vessel.

12. On June 19, 2023, Plaintiff MARIA MATTERA was leaving the Marketplace buffet dining area. While walking over a tiled walkway, Plaintiff was caused to slip on a large accumulation of water that was dispersed over a large surface area of the walkway. Consequently, Plaintiff fell and sustained serious injuries, including but not limited to, a fractured right femur and a fractured L1 spinal vertebra. Plaintiff continues to suffer from her injuries and will require long-term medical treatment for the injuries she sustained.

13. At all times material, Defendant MSC knew or should have known that the walkway where the subject incident occurred was wet, and Defendant MSC had actual and/or constructive notice of the condition, based on the large amount of water on the floor, the large surface area that was covered in water, the dirty and discolored condition of the water that had been tracked and transferred about the floor, the placement of a "wet floor" sign that Defendant had previously placed in the vicinity, and the placement of a mop and cleaning kit that had previously been placed in the vicinity.

## COUNT I
## NEGLIGENCE

14. Plaintiff realleges and incorporates paragraphs 1 through 13 as if fully set forth herein, and further alleges:

15. At all times material, Defendant MSC owed a duty to Plaintiff to exercise reasonable care under the circumstances in maintaining the premises of the Subject Vessel in a reasonably safe condition.

16. Defendant breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions, and was negligent in the operation, maintenance, and control of the Subject Vessel in the following respects:

    a. Failing to exercise reasonable care for the safety of its passengers, including Plaintiff, and creating a dangerous condition in or near the Marketplace buffet dining area;

    b. Failing to maintain the floor in the Marketplace buffet dining area in a reasonably safe condition for use by its passengers, including Plaintiff;

    c. Abandoning an unreasonably dangerous walkway that it knew was wet and slippery;

    d. Violating its own policies and procedures by abandoning a wet walkway;

    e. Failing to take corrective measures in a sufficient amount of time upon noticing the dangerous condition posed by the wet floor in the Marketplace buffet dining area;

    f. Failing to provide a reasonably safe floor surface for its passengers and utilizing a floor surface that Defendant knew or, in the exercise of reasonable diligence, should have known did not contain an adequate coefficient of friction;

    g. Failing to properly inspect the floor in the Marketplace buffet dining area prior to the Plaintiff's slip and fall incident;

    h. Failing to warn passengers, including Plaintiff, whom Defendant knew or should have known would be traversing the Marketplace buffet dining area, of the dangerous condition that existed;

    i. Failing to adequately place warning signs, cones, or barricades to warn passengers, including Plaintiff, of the dangerous condition presented by the wet and unreasonably slippery floor where Plaintiff fell;

    j. Allowing a dangerous condition to exist, notwithstanding Defendant's knowledge of prior incidents involving slip and falls occurring on similar flooring surfaces on the Subject Vessel and other vessels in Defendant's fleet of cruise ships;

    k. Failing to adequately investigate and address prior and subsequent incidents involving similar circumstances aboard the Subject Vessel and other vessels within Defendant's fleet of cruise ships;

17. At all times material, the Defendant was in direct control of the Subject Vessel and the area where the Plaintiff was injured.

18. At all times material, the Defendant had actual or constructive notice of the dangerous condition, but failed to exercise reasonable care to prevent the subject incident from occurring.

19. At all times material, the dangerous condition posed by the wet and unreasonably slippery floor in the Marketplace buffet dining area existed for a sufficient length of time such that Defendant MSC, in the exercise of reasonably diligence, knew or should have known about the dangerous condition and should have taken corrective measures to remedy it.  Further, the dangerous condition occurred with such frequency that the Defendant knew or should have known of its existence, and should have taken corrective measures to remedy it.

20. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff MARIA MATTERA has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money in the past and future and aggravation of a known or unknown previously existing condition.  The losses are either permanent or continuing in nature, and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff MARIA MATTERA demands judgment against Defendant MSC in an amount in excess of $75,000 to be determined at trial by a jury, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.

Dated: May 28, 2024

Respectfully submitted,

**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900

Facsimile: 305-854-8266
Email: shapiro@leesfield.com
robinson@leesfield.com
alpizar@leesfield.com

By: /s/ *Justin B. Shapiro*
**JUSTIN B. SHAPIRO**
Fla. Bar No. 92036
**EVAN M. ROBINSON**
Fla. Bar No. 1031473

*Attorneys for Plaintiff*