CASE NO.: 1: 24-cv-60907-MD

MARIA MATTERA,

       Plaintiff,

v.

MSC CRUISES, S.A.,
a foreign corporation,

       Defendant.

_____/

## **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, MSC Cruises S.A., pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6), respectfully submits this Motion to Dismiss Plaintiff's Complaint, and states in support as follows:

## **INTRODUCTION**

The Eleventh Circuit has repeatedly ruled that as a prerequisite to imposing liability onto a carrier, that the carrier must have "had actual or constructive notice of [a] risk-creating condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)*; Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989). Here however, Plaintiff's "fact-free, wholly conclusory, boilerplate allegations' that Defendant knew or should have known about the purportedly "dangerous condition," fails to plausibly "'nudge [plaintiff's] claims across the line from conceivable to plausible.'" *Rosenberg v. NCL (Bahamas) Ltd.*, 2023 WL 1466858, at \*2 (S.D. Fla. 2023) and *Holland*, 50 F.4th at 1093-1094. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because Plaintiff's Complaint fails to plausibly demonstrate MSC Cruises S.A.'s actual or constructive notice, her "conclusory allegations, unsupported by any factual support or context, are insufficient to survive a motion to dismiss." *See Pages 3-5 of Order Granting MSC Cruises S.A.'s Motion to Dismiss Plaintiff's General Maritime Negligence Action with Prejudice* in *Khaled Ali v. RWS and Associates Entertainment, Inc., and MSC Cruises S.A., Case No.: 23-61456-Civ-SINGHAL*, **attached as Exhibit 1**. *See also Holland*, 50 F.4th at 1094-1097. Therefore, this Honorable Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). *See also Holland*, 50 F.4th at 1094-1097.

## <u>MEMORANDUM OF LAW</u>

Today, Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 570. The heighted pleading standard adopted by the Supreme Court and Eleventh Circuit is not aspirational, it is governing law. In recognition of the discovery abuse endured by defendants under the plead first and find factual support during discovery litigation tactic endorsed by *Conley v. Gibson,* 355 U.S. 41 (1957)*,* the Supreme Court reversed course in its landmark opinions of *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 570 and *Iqbal*, 556 U.S. at 678. Key here are the two working principals analyzed by the Supreme Court in *Iqbal* to reach the conclusion that *Twombly's* interpretation of Fed. R. Civ. P. 8 "governs the pleading standard 'in all civil actions.'" *Iqbal*, 556 U.S. at 678-679. (citing Twombly, 550 U.S. at 556). As the Supreme Court explained:

> **<u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>**. *Id*., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, **we "are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading

regime of a prior era, **but it does not unlock the doors of discovery for <u>a plaintiff armed with nothing more than conclusion</u>**.

*Iqbal*, 556 U.S. at 678-679. (citing *Twombly,* 550 U.S. at 556). (emphasis added).

Affirming their rejection of the "careful-case-management approach," and recognizing that the limitations placed on the discovery process by the court of appeals which cabined "discovery in such a way as to preserve' petitioners' defense of qualified immunity" was not good enough, the Supreme Court explained in *Iqbal* that:

> **We have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.** *Twombly*, supra, at 559, 127 S.Ct. 1955 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side" (internal quotation marks and citation omitted)).

*Id*. at 685. (citing *Twombly,* 550 U.S. at 559). (emphasis added). In dismissing the petitioner's cause of action in *Iqbal*, the Supreme Court concluded that:

> **We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery.** That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. **Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.**

*Id*. at 686. (emphasis added).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must allege a breach of duty by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At a minimum, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. According to the Eleventh Circuit, this pleading standard requires that a plaintiff allege enough

facts "that will 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *Holland*, 50 F.4th at 1093-1094 (citing *Twombly*, 550 U.S. at 570). *See also Newbauer v. Carnival Corp.*, 26 F.4th 931 (11th Cir. 2022) (Cert. Denied). The Eleventh Circuit, relying on *Twombly* and *Iqbal* has ruled that mere "threadbare recitals of the elements of a cause of action" and "conclusory statements" are insufficient. *Id*. As the Supreme Court explained in *Iqbal*, pleadings alleging that a defendant "knew of, condoned, and willfully and maliciously [acted]," amount to "formulaic recitations of the elements." *Iqbal*, 556 U.S. at 680-681.

## I. PLAINTIFF FAILS TO PROPERLY PLEAD A NEGLIGENCE ACTION AGAINST MSC

Plaintiff's Complaint fails to plausibly plead MSC's actual or constructive notice. [D.E. 1]. *Holland*, 50 F.4th 1088; *Newbauer*, 26 F.4th 931; *Exhibit 1, pages 3-5*. Therefore, Plaintiff's Complaint should be dismissed. *Holland*, 50 F.4th 1088; *Newbauer*, 26 F.4th 931; *Exhibit 1, pages 3-5*.

To survive a Motion to Dismiss, a plaintiff must plausibly allege sufficient facts proving that MSC had actual or constructive notice of the alleged risk creating condition. *Holland*, 50 F.4th at 1094-1097. To prove MSC's constructive notice, a plaintiff must plausibly allege that either (1) the hazardous condition existed for a sufficient length of time or (2) that substantially similar incidents occurred in which "conditions substantially similar to the occurrence in question must have caused the prior accidents." *Id.* at 1095. To prove MSC's actual notice, a plaintiff must plausibly allege that MSC knew that the subject risk creating condition existed. *Id*. <u>Plaintiff, however, has done neither</u>.

The Southern District's legal analysis in *Holland,* affirmed by the Eleventh Circuit, is on point. *Holland*, 2021 WL 86877. In *Holland*, the Southern District observed that after allegedly slipping and falling on a "wet or slippery transient foreign substance" while descending a glass

4

staircase, the plaintiff sought to establish Carnival's actual or constructive notice of the hazardous

condition by stating that Carnival:

> Must have been aware of the danger on its ship because of "**the frequent nature of prior slip and fall incidents on the staircase**" or alternatively because the stairs in question were in a highly trafficked area; near shops, a casino and dining areas; and because Carnival employees were manning nearby shops for at least four hours with an unobstructed view of the stairs. The plaintiff also suggests that compliance with industry regulations show Carnival was on notice that the stairs in question posed a danger to the plaintiff.

*Holland*, 2021 WL 86877 at *1-*2. (emphasis added).

The Southern District, however, concluded that "none of the plaintiff's allegations suggest

Carnival was on constructive notice, let alone actual notice, of the hazard on the stairs in question."

*Id. See also Holland*, 50 F.4th at 1092-1094. As the Southern District explained:

> **The Court first finds that the Plaintiff's assertion of prior slip and fall incidents is conclusory and therefore insufficient to establish that Carnival was on notice of the hazard which caused injury to Plaintiff. In his complaint, the Plaintiff provides no facts at all in support of his claim that there are "frequent ... slip and fall accidents on this staircase."** (ECF No. 18, at ¶ 14.) **Therefore, this allegation fails to establish that Carnival was on constructive notice.** *See Prather v. NCL Bahamas Ltd.*, No. 19-21832-Civ, 2020 WL 4501809, at *4 (S.D. Fla. June 19, 2020) (Louis, Mag, J.) ("a plaintiff can establish constructive notice by ... submitting evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident."), report and recommendation adopted, 2020 WL 4381412 (S.D. Fla. July 31, 2020) (Moreno, J.); *see also Navarro v. Carnival Corp.*, No. 19-21072-Civ, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.) (discussing cases granting motions to dismiss where there were no allegations of prior incidents or injuries).
>
> The Plaintiff's allegations that the stairs in question were in a high traffic area similarly fail. As currently alleged, the Plaintiff "mistakenly conflates foreseeability with actual or constructive notice." *Navarro*, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.). As the Court suggested in *Navarro***, the fact that an event is foreseeable, i.e. that a "wet or slippery transient foreign substance" could end up on a highly trafficked staircase near shops and dining areas is foreseeable, but that does not mean Carnival was on actual or constructive notice of that condition. While constructive notice can be plead by showing a condition existed for a long enough period of time that the shipowner must have known of the danger, the Plaintiff provides no factual**

**allegations at all to support a conclusion that Carnival *should have known* of the "wet or slippery transient foreign substance" on the stairs between deck 4 and 5.** The totality of Plaintiff's allegations is that certain of the Defendant's employees may have been in a position to see that there was a liquid on the stairs in question and the stairs are in a high traffic area of the ship. As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours. While the Plaintiff's complaint makes clear it is possible that Carnival was on notice, the Plaintiff's complaint does not state a claim that is *plausible* on its face sufficient to survive a motion to dismiss. *See Road Space Media, LLC v. Miami Dade Cty., No. 19-21971-Civ, 2020 WL 434929, at \*4 (S.D. Fla. Jan. 28, 2020) (Scola, J.).*

*Holland*, 2021 WL 86877 at \*3. (emphasis added). Affirming the Southern District's reasoning, the Eleventh Circuit ruled that:

As to whether there were substantially similar incidents, **Holland's conclusory allegations that "[t]here are frequently spills on the staircase" and "prior slip and fall incidents on this staircase" are insufficient**. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("[C]onclusory statements[ ] do not suffice."); *see also Am. DentalAss'n*, 605 F.3d at 1293–94. **And Holland has not alleged any facts concerning a substantially similar incident to the one at issue. Therefore, Holland has not plausibly alleged that Carnival had constructive knowledge based on a substantially similar incident.**

*Holland*, 50 F.4th at 1095. (emphasis added).

The Eleventh Circuit also applied a similar line of reasoning in *Newbauer*:

Reviewing Newbauer's complaint and accepting her allegations as true, **we conclude that Newbauer failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition. Rather, her complaint contains only conclusory allegations as to actual or constructive notice.** For example…Newbauer failed to allege a sufficient factual basis to support her conclusory allegation that Carnival had actual or constructive knowledge of the hazard based on the "regularly and frequently recurring nature of the hazard in that area." And [w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, which are noticeably absent from Newbauer's complaint.

*Newbauer*, 26 F.4th 931, 934-936. (emphasis added).

In *Rosenberg,* the plaintiff sought to hold Norwegian Cruise Lines liable in negligence for their alleged failure to inspect, maintain, and service the *Norwegian Getaway's* sauna, as well as

for their purported failure to warn about the sauna's condition. *Rosenberg,* 2023 WL 1466858 at *1. In *Rosenberg*, the Plaintiff allegedly suffered from "second degree burns to his right hand, arm, and face, and a broken finger on the right hand as well as a sprain of the right hand" after using a malfunctioning sauna onboard the *Norwegian Getaway*. *Id*. *1. In dismissing the plaintiff's Complaint with prejudice, the Southern District explained that:

> The Court finds that Rosenberg fails to adequately state a claim under counts one, two, four, and five **because the complaint contains only "fact-free, wholly conclusory, boilerplate allegations" that Defendants knew or should have known about the purportedly dangerous condition of the sauna.** *Doe v. NCL (Bahamas) Ltd.*, No. 16-cv-23733, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.); see also Fed. R. Civ. P. 8. **As this Court has stated, where a plaintiff's pleading could be "interchangeably alleged against any cruise line defendant" the plaintiff has failed to adequately state a claim**. *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.). The Complaint provides no details supporting Rosenberg's allegations that NCL and the Spa Defendants knew or should have known of the sauna's malfunction. Such threadbare allegations fail to satisfy federal pleading standards. *3
>
> **While Rosenberg alleges that the sauna's allegedly dangerous condition occurred with "regularity" and that there were "prior similar incidents," he provides absolutely no details of complaints or facts specific to the Getaway, the Getaway's crew, or even with respect to NCL or the Spa Defendants in support of his allegations**. Rosenberg cannot simply state there are "prior incidents and/or complaints" in support of his claims without more. *See Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019) (Scola, J.) (**finding prior incidents must have an "apparent connection" to the plaintiff's case, and that the plaintiff must include factual allegations showing how prior incidents put the cruise line on notice of a dangerous condition regarding the specific incident at issue**); *see also Polanco v. Carnival Corp., No.* 10-21716-Civ., 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Jordan, J.) (finding allegations to be "meager" and "wholly conclusory" where a plaintiff provides "no details about the similar past incidents" mentioned in the complaint).
>
> Further, in his responses to Defendants' motions to dismiss, Rosenberg argues that he has adequately pled notice by citing to his allegations pertaining to the specific incident resulting in his injuries. (Pl.'s Resp. NCL 4–6, ECF No. 13; Pl.'s Resp. Spa Defs. 4–6, ECF No. 14.) As examples, Rosenberg references his allegations that "a jet of hot steam came directly out of the bed of stones/coals," "[t]he 'jet' of steam was not the 'usual' steam, ... [but] was atypical for the functions of a working

7

sauna," "[t]he next day ... the sauna was closed," and the incident "could have only occurred as a result of a malfunction," among others. **However, even assuming the referenced allegations are sufficiently detailed, they do not support notice because they all pertain to Rosenberg's own incident and, thus, fail to indicate how NCL or the Spa Defendants should have known of the allegedly dangerous condition beforehand.**

*Id*. at *3. (emphasis added).

Here, Plaintiff's "general knowledge" allegations are barebone and lack factual detail to the extent that the Plaintiff's Complaint could be "interchangeably alleged against any cruise line defendant." *Id. at* *3. (citing *Christie*, 2020 WL 6158815, at *6). *See also Holland*, 2021 WL 86877 at *3 and *Newbauer*, 2021 WL 723164 at *3. Just as in *Holland, Newbauer,* and *Rosenberg*, absent alleging that Plaintiff was a passenger onboard the *MSC Meraviglia,* Plaintiff relies on nothing more than "insufficient," "threadbare recitals of the elements of a cause of action" and "conclusory statements," to make the inferential leap that because she allegedly fell, that MSC must have been on notice of an alleged risk creating condition. *Holland*, 2021 WL 86877 at *3; *Newbauer*, 2021 WL 723164 at *3; *Rosenberg,* 2023 WL 1466858 at *3.

In conflating foreseeability with actual or constructive notice, Plaintiff fails to plausibly allege "any facts concerning a substantially similar incident to the one at issue," occurring onboard the *MSC Meraviglia* that are capable of imputing notice onto MSC. *Holland*, 2021 WL 86877 at *3; *Newbauer*, 2021 WL 723164 at *3; *Rosenberg,* 2023 WL 1466858 at *3. [D.E. 1]. Because Plaintiff has not provided this Court with a singular factual detail behind any supposedly related prior incidents, much less any prior incidents, Plaintiff has failed to prove the existence of any prior incident that put MSC "on notice of a dangerous condition regarding the specific incident at issue." [D.E. 1]. *Rosenberg,* 2023 WL 1466858 at *3. Therefore, Plaintiff has failed to demonstrate any substantially similar incidents capable of imputing MSC's notice. *See Id. See Holland*, 50 F.4th at 1094-1097 and *Newbauer*, 26 F.4th at 935-936. Similarly, just as in *Holland* and *Ali*,

Plaintiff's barebone conclusory allegations lack factual support to the extent that they fail to plausibly demonstrate that "the hazardous condition existed for a sufficient length of time" as to prompt MSC's notice. *Holland*, 50 F.4th at 1094-1097 and *Exhibit 1, pages 3-5*. Just as in *Holland*, Plaintiff Complaint makes it "impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours." *Holland*, 2021 WL 86877 at *3.

Plaintiff's allegations regarding the presence of an alleged warning sign provides no safe harbor. As the Eleventh Circuit explained in *Guevara*, "not all warning signs will be evidence of notice; there must also be a connection between the warning and the danger." *Guevara*, 920 F.3d at 721. (citing *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599 (11th Cir. 2017)). Absent alleging that a warning sign may have existed, Plaintiff has made no effort to plausibly allege factual content capable of plausibly demonstrating that the alleged warning sign was intended to warn of the specific risk creating condition at issue. *Id.* Here Plaintiff's Complaint makes it is impossible to determine the "connection between the warning and the danger" because she provides no factual support as to its existence. *Id.* Instead, Plaintiff merely avers the presence of a warning sign without any support in the hopes that this Honorable Court will make the inferential leap that because it existed, that MSC must have been on notice of an alleged risk creating condition at issue. *Holland*, 2021 WL 86877 at *3; *Newbauer* 2021 WL 723164 at *3; *Rosenberg,* 2023 WL 1466858 at *3. However, it is the Plaintiff's burden, and duty, to plausibly plead her Complaint, not the Court's. *Holland*, 50 F.4th at 1093-1097. Therefore, Plaintiff's allegations concerning the warning sign is incapable of imputing MSC's notice. *See Guevara*, 920 F.3d at 721 and *Holland*, 50 F.4th at 1094-1097.

As in *Holland*, rather than stating "enough facts to state a claim to relief that is plausible on its face" to "nudge" her claims across the line from conceivable to plausible, Plaintiff's Complaint relies solely on insufficient legal conclusions. *See Holland*, 50 F.4th at 1094-1097; *Newbauer*, 26 F.4th at 935-936; *Exhibit 1, pages 3-5*. With nothing more than "threadbare recitals of the cause of action" and "legal conclusions," Plaintiff is unable to impute actual or constructive notice onto MSC, as her allegations do not establish that MSC had (1) actual notice, (2) that the condition existed for a sufficient length of time, or (3) that substantially similar incidents had occurred. *See Holland*, 50 F.4th at 1094-1097 and *Newbauer*, 26 F.4th at 935-936. Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. *Holland*, 2021 WL 86877 at *3; *Newbauer*, 2021 WL 723164 at *3; *Rosenberg,* 2023 WL 1466858 at *3; *Holland*, 50 F.4th at 1094-1097; *Newbauer*, 26 F.4th at 935-93; *Exhibit 1, pages 3-5*.

**WHEREFORE**, For the reasons set forth herein, Defendant, MSC Cruises S.A., respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Amended Complaint, with prejudice.

Dated:  July 29, 2024
      Miami, Florida

> Respectfully submitted,
> MALTZMAN & PARTNERS, P.A.
>
> By:        /s/ *Mathew C. Renik*
>         Jeffrey B. Maltzman, Esq.
>         Florida Bar No. 48860
>         jeffreym@maltzmanpartners.com
>         Steve Holman, Esq.
>         Florida Bar No. 547840
>         steveh@maltzmanpartners.com
>         Mathew C. Renik, Esq.
>         Florida Bar No. 1038908
>         mattr@maltzmanpartners.com
>         55 Miracle Mile, Suite 300

Coral Gables, FL 33134

Tel: 305-779-5665 / Fax: 305-779-5664

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 29th day of July 2024. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: <u>/s/ *Mathew C. Renik*</u>

Mathew C. Renik, Esq.

Florida Bar No. 1038908

**<u>SERVICE LIST</u>**

**CASE NO: 1: 24-cv-20695- DSL**

| | |
|---|---|
| Justin B. Shapiro<br>Shapiro@leesfeild.com<br>Evan M. Robinson<br>robinson@leesfeild.com<br>LEESFEILD & PARNTERS, P.A.<br>2350 South Dixie Highway<br>Miami, FL 33133<br>Phone: 305-854-4900<br>Fax: 305-854-8266<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Mathew C. Renik, Esq.<br>mattr@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL 33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |