# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61456-CIV-SINGHAL

KHALED ALI,

     Plaintiff,

v.

RWS AND ASSOCIATES
ENTERTAINMENT, INC. and MSC CRUISES SA,

     Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant RWS and Associates Entertainment, Inc.'s ("RWS Entertainment") Motion to Dismiss (DE [72]) and Defendant MSC Cruises SA's ("MSC Cruises") Motion to Dismiss (DE [73]).  RWS Entertainment's Motion seeks dismissal of Count I (Jones Act Negligence) and Count V (Maintenance and Cure).  MSC Cruises's Motion seeks to dismiss Count II (Jones Act Negligence) and Count III (General Maritime Negligence).  For the reasons set forth below, RWS Entertainment's motion is granted in part and denied in part and MSC Cruises's motion is granted in full.

### I.   **LEGAL STANDARD**[1]

#### a. Motion to Dismiss

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Rather, "factual allegations must be enough to raise

---

[1] The Court incorporates the background section from its January 11, 2024 Order.  (DE [70]).

a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### b. Maritime Law

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

## II.   **<u>DISCUSSION</u>**

In their motions, both RWS Entertainment and MSC Cruises seek to dismiss Plaintiff Khaled Ali's negligence claims for the same reasons: (1) Ali has not alleged that Defendants had notice of the hazardous condition and (2) Ali has not adequately alleged that Defendants did not have proper protocols in place.  The Court agrees.

RWS Entertainment also separately seeks to dismiss Ali's claim for maintenance and cure against RWS Entertainment.  It argues that Ali's claim and demand for punitive damages is ill-pled and conclusory.  The Court finds Ali's maintenance and cure claim to be adequately pled but agrees with RWS Entertainment that Ali's claim for punitive damages is conclusory and should be dismissed.

### a.  **Jones Act Negligence and General Maritime Negligence**

To properly allege a general maritime negligence claim, Ali must have alleged that: (1) Defendants owed Plaintiff a duty; (2) Defendants breached that duty; (3) the breach was the proximate cause of Ali's injuries; and (4) Ali suffered damages. *See Long v. Celebrity Cruises, Inc.*, 982 F. Supp. 2d 1313, 1315 (S.D. Fla. 2013) (citation omitted). A shipowner or carrier owes its employees a duty of reasonable care under the circumstances.  *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).  But before a shipowner or carrier can be found liable for a risk-creating condition on its premises, it must "have had actual or constructive notice of the . . . condition."  *Id.*

Here, Ali alleges two separate negligent acts as the basis for his negligence claim against MSC Cruises and RWS Entertainment: (1) that he fell due to a combination of the tiles on the deck of the crew mess being unreasonably slippery and there being liquid spilled on the deck, (DE [71] at ¶ 11), and (2) that Defendants failed to have procedures and policies in place to provide timely and adequate medical treatment (DE [71] at ¶¶

22-23). Neither of these negligent acts, however, have been properly alleged to survive a motion to dismiss.

With respect to the puddle of water that Ali claims he slipped on in the crew mess hall, Ali has not adequately alleged that Defendants had actual or constructive notice of the condition. *See Keefe*, 867 F.2d at 1322. Ali claims Defendants had actual notice because MSC Cruises knowingly installed unreasonably slippery tiles that did not meet the friction standards customarily used in the industry. *See* (DE [71] ¶ 30). But Ali provides no factual evidence to show that the tiles were in fact unreasonably slippery and did not meet industry standards. This otherwise conclusory allegation is therefore insufficient to survive a motion to dismiss.

Alternatively, Ali claims Defendants had constructive notice because the unreasonably slippery tiles existed for a sufficient length of time for Defendants to be aware of the defective condition and that substantially similar incidents placed Defendants on notice of the hazardous condition. For the same reason discussed above, Ali's allegation that the unreasonably slippery tiles existed for a sufficient length of time is conclusory because there are no facts to support that the tiles did not meet industry standards. Ali's bare assertion that similar incidents occurred in the past is also conclusory and likewise fails to satisfy pleading standards. *See Rosenberg v. NCL (Bahamas) Ltd.*, 2023 WL 1466858, at *4 (S.D. Fla. 2023).[2]

---

[2] Ali contends there is precedent that his bare assertion of prior similar incidents is sufficient to survive a motion to dismiss, and in doing so cites to *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257 (S.D. Fla. 2022). In *Green*, Judge Bloom held that the plaintiff's allegation that there had been 15 prior substantially similar incidents was sufficient to plausibly allege constructive notice. *Id.* at 1262. But a review of the amended complaint in *Green* reveals that the plaintiff alleged the facts and circumstances underlying each of the 15 prior similar incidents, including the date and specific location on the boat where the injury occurred. *See id.* Case No. 22-cv-20192 at (DE [21] ¶ 25). Unlike the plaintiff in that case, Ali has not alleged the facts underlying the alleged prior similar incidents in this case. Without them, Ali's allegations are plainly conclusory and insufficient to survive a motion to dismiss.

With respect to Ali's allegations that MSC Cruises did not have proper procedures to provide adequate medical treatment, Ali has still not adequately alleged what MSC Cruises's policies were or how they were insufficient. All Ali has added to this round of pleadings are allegations that there was no alternative method of requesting medical attention and that MSC Cruises failed to employ a competent medical crew. These allegations, however, are just reworded versions of the threadbare recitals that plagued his prior complaint: that certain undefined policies were inadequate and that better ones should have been implemented. But these conclusory allegations, unsupported by any factual support or context, are insufficient to survive a motion to dismiss. Counts II and III are therefore dismissed with prejudice.

### b. Maintenance and Cure

RWS argues that Ali has insufficiently pled a claim for maintenance and cure. Specifically, it claims Count V is ill-pled with no facts to support its blanket conclusory statements. The Court disagrees.

Maintenance and cure is a "legal duty that obligates a vessel owner to provide for a seaman who becomes ill or injured in service of the ship." *Varela v. Dantor Cargo Shipping, Inc.*, 2017 WL 7184605, at *2 (S.D. Fla. Nov. 14, 2017). "Admiralty courts have been liberal in interpreting this duty." *Id.* (quoting *Vaughan v. Atkinson*, 369 U.S. 527, 531-32 (1962)). "All a seaman must prove in order to establish a right to maintenance and cure is that the injury or illness arose during his employment; no causal connection to his duties need be shown." *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp. 2d 1064, 1072-73 (S.D. Ala. 2007). Furthermore, maintenance and cure are due regardless of the fault of the employer or unseaworthiness of the ship. *Id.* at 1072.

Here, Ali has satisfied this light burden.  Ali has alleged that he is a seaman and that he suffered injuries during his employment of RWS Entertainment while on the MSC Seascape.  He also has alleged that RWS Entertainment has failed to timely and properly pay maintenance and cure.  Accordingly, RWS's motion to dismiss as to Count V is denied.

But as to the issues of punitive damages, the Court agrees that it has been insufficiently pled.  To be entitled to punitive damages for a maintenance and cure claim, the plaintiff must show that defendant willfully withheld maintenance and cure.  *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009).  Ali has not properly alleged willful withholding.  All he has alleged on this topic is "under the authority of the U.S. Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009), Defendant's failure to pay maintenance and cure justifies punitive and exemplary damages."  (DE [71] ¶ 64).  Ali provides no support to show willful withholding and instead rests on this conclusory allegation.  As such, he has insufficiently plead a claim for punitive and exemplary damages.[3]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that RWS Entertainment's Motion to Dismiss (DE [72]) is **GRANTED IN PART AND DENIED IN PART** and Defendant MSC Cruises's Motion to Dismiss (DE [73]) is **GRANTED IN FULL**.   Counts I, II, and III of Plaintiff Ali's Amended Complaint are dismissed **WITH PREJUDICE**.  To the extent Ali seeks punitive damages from MSC Cruises and RWS Entertainment in its claim for maintenance and

---

[3] Since Ali's has also insufficiently alleged punitive damages in its claim for maintenance and cure against MSC Cruises, the Court will dismiss those allegations as well.

cure, those allegations are also dismissed.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of

May 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF