**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Fort Lauderdale Division**

**Case No.: 24-cv-60907-MD**

MARIA MATTERA

      Plaintiff,

v.

MSC CRUISES, S.A.,
a foreign corporation,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Maria Mattera ("Mattera") hereby responds in opposition to Defendant MSC Cruises, S.A.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint [ECF No. 7], and further states as follows:

**INTRODUCTION**

Defendant's Motion to Dismiss should be denied. The Complaint is factually detailed and goes above and beyond the pleading requirements. As is often the case with cruise line defendants in maritime tort cases, Defendant wants to skip directly to the end of the case without having to engage in discovery. To that end, Defendant's motion repeatedly invites the Court to ignore the well-established pleading standards applicable to motions to dismiss and, instead, apply the more stringent standard applicable to summary judgment and directed verdict. But we are not there yet. This case has just begun. The Rules of Civil Procedure, along with Supreme Court and Eleventh Circuit precedent, only require so much at the pleading stage. Mattera is not obligated to plead in

exhaustive detail facts that are clearly beyond any injured plaintiff's ability to uncover at this infant stage of litigation. Instead, Mattera must only plead sufficient facts to place Defendant on notice of the claim it is being summoned to defend. She has done that and more here.

The sole basis for Defendant's Motion to Dismiss is that Mattera failed to adequately allege that Defendant had actual and/or constructive notice of the dangerous condition posed by its unreasonably wet and slippery walkway. *See* ECF No. 7 at 2. This is patently incorrect, and the suggestion is perplexing. The well-pled Complaint presents multiple factual bases that plausibly demonstrate Defendant's notice of the dangerous condition, and each of them are independently sufficient to defeat a motion to dismiss. *See* ECF No. 1 at ¶ 13. Defendant's Motion should therefore be denied.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A court reviewing a Rule 12(b)(6) motion to dismiss must construe the complaint in the light most favorable to the plaintiff and take all factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997); *Iqbal*, 556 U.S. at 678 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine

2

whether they plausibly give rise to an entitlement to relief."). A court's analysis "is limited primarily to the face of the complaint and the attachments thereto." *Brooks*, 116 F.3d at 1368.

**MEMORANDUM OF LAW**

I.   **Mattera Has Plausibly Demonstrated Defendant's Notice of its Wet Floor Based on Defendant's Placement of a "Wet Floor" Sign in the Area Where She Fell**

By alleging that Defendant "knew or should have known that the walkway where the subject incident occurred was wet, and Defendant MSC had actual and/or constructive notice of the condition based on . . . ***the placement of a 'wet floor' sign that Defendant had previously placed in the vicinity***[,]" Mattera has plausibly demonstrated Defendant's notice of the dangerous condition. ECF No. 1 at ¶ 13. (emphasis added).

To be sure, ***binding*** Eleventh Circuit precedent provides "***[t]he fact that warning signs were posted on the [ ] deck in the general area of [plaintiff's] fall, when viewed in the light most favorable to [plaintiff], is enough to withstand summary judgment as to notice***" because "a reasonable inference from the placement of the caution sign is that [defendant] knew that the [floor] would become slippery when wet." *Brady v. Carnival Corp.*, 33 F. 4th 1278, 1283 (11th Cir. 2022) (emphasis added)[1]; *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019) ("***[A] cruise ship operator has notice of a condition . . . if a sign is posted on a ship warning about the condition***.") (emphasis added); *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1289 (11th Cir. 2015) (***holding evidence that defendant cruise line "posted [warning signs] on the pool***

---

[1] Mattera's allegation that Defendant "knew or should have known that the walkway where the subject incident occurred was wet, and Defendant MSC had actual and/or constructive notice of the condition based on . . . the placement of a 'wet floor' sign that Defendant had previously placed in the vicinity" [ECF No. 1 at ¶ 13] is, ***by definition***, sufficient to plausibly demonstrate Defendant's notice of its unreasonable wet walkway because, ***even on a motion for summary judgment***, this evidence "raise[s] a genuine issue of material fact regarding [a defendant's] prior notice of the dangerous condition posed by the [subject surface]." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019).

3

***deck after rain – viewed in the light most favorable to [the plaintiff], is enough to withstand summary judgment as to notice***.") (emphasis added); *see also Williams v. MSC Cruises*, S.A., Case No. 23-22340-CIV, 2024 WL 81346, at *4 (S.D. Fla. Jan. 8, 2024) (Scola, J.) ("***[Plaintiff's] allegations pertaining to the warning signs placed in the subject area suffice to plausibly plead MSC's notice.***") (emphasis added); *Guerra v. MSC Cruises, S.A.*, Case No. 23-23366-Civ-Scola, 2024 WL 1603647, at *3 (S.D. Fla. Apr. 12, 2024) (Scola, J.) ("***[Plaintiff] plausibly alleged notice based on the 'slippery when wet' warning sign.***") (emphasis added); *Iacoli v. MSC Cruises, S.A.*, Case No. 24-cv-20082-ALTMAN/Sanchez, 2024 WL 3509584, at *3 (S.D. Fla. Jul. 23, 2024) (Altman, J.) ("***Unsurprisingly, courts in our Circuit have routinely recognized that—in slip-and-fall cases—the presence of wet-floor signs in the vicinity of wet floors is sufficient, at the pleading stage, to establish a connection between the warning sign and the danger***.") (emphasis added); *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1094 (S.D. Fla. 2014) (Bloom, J.) (***holding the "presence of warning cones" near an alleged slip and fall is evidence from which "a reasonable jury could . . . infer that [the defendant] was on notice of the potentially hazardous condition.***") (emphasis added); *Esanu v. Oceania Cruises, Inc.*, Case No. 13–cv–22772–UU, 2014 WL 4961426, at *2 (S.D. Fla. Jul. 18, 2014) ("***[C]learly, the fact that Defendant erected a collapsible caution when wet sign on Deck 14 is evidence that it had actual notice that the blue surface was slippery when wet.***") (emphasis added).[2]

---

[2]  *See also Arouza-Pai v. Carnival Corporation*, Case No. 21-CV-23511-WILLIAMS/MCALILEY, 2022 WL 18673999, at *5 (S.D. Fla. Dec. 16, 2022) ("***The allegations about a warning cone . . . are sufficient to survive a motion to dismiss***.") (emphasis added); *Henry v. Celebrity Cruises, Inc.*, Case No. 21-civ-20148-DLG, 2022 WL 466991, at *2 (S.D. Fla. Jan. 26, 2022) (Graham, J.) ("***Defendant affixed a sign warning passengers to watch their step on the gangway, and placed a cone in front of the gangway, warning that the floor was wet***. The slipperiness of the wet floor is precisely the danger Plaintiff alleges caused his injuries. Therefore, this evidence, viewed in the light most favorable to the Plaintiff, ***creates a genuine issue of fact as to the Defendant's notice of the danger.***") (emphasis added).

Defendant contends that Mattera's allegation regarding its placement of a wet-floor sign in the area where she fell is "incapable of imputing MSC's notice" because "Plaintiff has made no effort to plausibly allege factual content capable of plausibly demonstrating that the alleged warning sign was intended to warn of the specific risk creating condition at issue."  ECF No. 7 at 9.  This argument, however, fails to carry the day.  To be sure, when Defendant attempted to make this _**same argument**_ on a motion to dismiss in another cruise ship slip-and-fall case just a few weeks ago, this Court not only rejected this argument; it vehemently remarked, "_**This is absurd**_."  _See Iacoli_, 2024 WL 3509584, at *3 (Altman, J.) (emphasis added).

In _Iacoli_, like here, the plaintiff was walking to Deck 16 from the Marketplace Buffet when she slipped and fell on a marble floor surface that was unreasonably wet and slippery.  _Id._ at *1.  The plaintiff alleged that Defendant had notice of the dangerous condition based on its placement of "a wet floor caution cone on the subject surface and a 'floor slippery when wet' plaque in the subject area" where the plaintiff fell.  _Id._ at *3.  Defendant, like it does here, contended that plaintiff's allegation was insufficient to plausibly allege notice because "[plaintiff] made no effort to allege factual content capable of plausibly demonstrating that the alleged 'caution cone' and 'plaque' were intended to warn of the specific risk creating condition at issue.'"  _Id_.  Rejecting Defendant's argument, this Court explained, "_**This is absurd**_."  _Id_. (emphasis added).  While "there must be a connection between the warning and the danger . . . _**courts in our Circuit have routinely recognized that—in slip-and-fall cases—the presence of wet-floor signs in the vicinity of wet floors is sufficient, at the pleading stage, to establish a connection between the warning sign and the danger**_."  _Id_. (emphasis added); _see also Guerra_, 2024 WL 1603647, at *3 (rejecting defendant's argument that "[p]laintiff has made no effort to plausibly allege factual content capable of plausibly demonstrating that the alleged warning sign was intended to warn of the specific risk

creating condition at issue" and holding "***[plaintiff] has plausibly alleged notice based on the 'slippery when wet' warning sign***.") (emphasis added).

Therefore, because Mattera has alleged that Defendant "knew or should have known that the walkway where the subject incident occurred was wet[,] and Defendant MSC had actual and/or constructive notice of the condition ***based on . . . the placement of a 'wet floor' sign that Defendant had previously placed in the vicinity***[,]" [ECF No. 1 at ¶ 13] (emphasis added), this Court should reject Defendant's argument that Mattera fails to plausibly demonstrate Defendant's notice of the hazardous condition and deny Defendant's Motion to Dismiss. *See Iacoli*, 2024 WL 3509584, at *3; *Guerra*, 2024 WL 1603647, at *3; *see also Williams*, 2024 WL 81346, at *4 ("***[Plaintiff's] allegations pertaining to the warning signs placed in the subject area suffice to plausibly plead MSC's notice.***") (emphasis added); *Esanu*, 2014 WL 4961426, at *2 ("***[C]learly, the fact that [d]efendant erected a collapsible caution when wet sign on Deck 14 is evidence that it had actual notice that the blue surface was slippery when wet***") (emphasis added).

## II. Mattera Plausibly Demonstrates Defendant's Notice of its Wet Floor Based on Her Allegation that Defendant Placed a Mop and Cleaning Kit in the Area Where She Fell

In addition to plausibly demonstrating Defendant's notice of the hazardous condition based on her allegations concerning its placement of a wet floor sign in the area where she fell, Mattera further alleges that Defendant "knew or should have known that the walkway where the subject incident occurred was wet[,] and Defendant MSC had actual and/or constructive notice of the condition based on . . . ***the placement of a mop and cleaning kit that had previously been placed in the vicinity.***" ECF No. 1 at ¶ 13 (emphasis added).

This allegation is also independently sufficient to demonstrate Defendant's actual and/or constructive notice because it plausibly establishes that Defendant's employees were in the vicinity of the hazardous condition prior to Mattera's fall, and thus they could have removed the hazard.

6

*See Plott v. NCL Am., LLC*, 786 F. App'x. 199, 203 (11th Cir. 2019) ("***[T]he proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard***.") (internal citation and quotation omitted) (emphasis added); *Aponte v. Royal Caribbean Cruise Lines Ltd.*, 739 F. App'x. 531, 536 (11th Cir. 2018) ("***[The] facts place the crew member in the immediate vicinity of a puddle of soap[,]*** " thus "***a factfinder could conclude that the crew member knew or should have known about the puddle of soap at his feet and either removed the hazard or warned [plaintiff] of it***.") (emphasis added); *Thomas v. NCL (Bahamas), Ltd.*, 203 F.Supp.3d 1189, 1192-93 (S.D. Fla. 2016) (Williams, J.) ("***Plaintiff has created an issue of fact regarding NCL's constructive notice of the puddle's existence[,]*** " where a crew member was "***cleaning in and around the area of [the] fall***" prior to a fall involving ***transitory substances***.) (emphasis added); *Haiser v. MSC Cruises (USA) Inc.*, Case No. 18-cv-60964-RS, 2019 WL 4693200, at *5 (S.D. Fla. Aug. 9, 2019) (Smith, J.) ("***A reasonable factfinder could conclude that crewmembers knew or should have known about the presence of water on floor since they were in the immediate vicinity***") (emphasis added); *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1094 (S.D. Fla. 2014) (Bloom, J.) ("As a result of the condensation, ***cleanup***, and potential presence of warning cones, ***a reasonable jury could likely infer that Carnival was on notice of the potentially hazardous condition***.") (emphasis added).

Accordingly, Mattera's allegation that there was "a mop and cleaning kit that had previously been placed in the vicinity" where she fell [ECF No. 1 at ¶ 13] is sufficient to plausibly demonstrate Defendant's notice because it "***allows the court to draw the reasonable inference***" that a crew member was in the vicinity of the dangerous condition, and thus Defendant knew or

should have known about it. *Ashcroft*, 556 U.S. at 678 (emphasis added). Defendant's Motion to Dismiss should be denied on this basis as well.

**III.    Mattera Plausibly Demonstrates Defendant's Notice Based on Her Allegations Concerning the Condition of the Water on the Floor in the Area Where She Fell**

Next, Mattera's allegation that Defendant "knew or should have known that the walkway where the subject incident occurred was wet, and Defendant MSC had actual and/or constructive notice of the condition based on . . . ***the dirty and discolored condition of the water that had been tracked and transferred about the floor***" plausibly demonstrates that the dangerous condition existed for a sufficient length of time to charge Defendant with constructive notice of it. ECF No. 1 at ¶ 13 (emphasis added).

To be sure, the Eleventh Circuit has explained that "courts have found constructive notice" when the "offending ***liquid was dirty***, scuffed, or had [ ] ***track marks running through it***," or if there was "[o]ther evidence such as '***footprints***, prior ***track marks***, changes in consistency, [or] drying of the liquid.'" *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1170 (11th Cir. 2023) (emphasis added); *see also Snider-Hancox v. NCL Bahamas Ltd.,* 2018 WL 6308683, at *6 (S.D. Fla. Sept. 26, 2018) (Martinez, J.) (holding a jury could find that defendant had constructive notice of liquid on floor where there was "***a footprint in the liquid as well as dirt and grime in the puddle prior to the fall***") (emphasis added); *Hodson v. MSC Cruises, S.A.*, No. 20-22463-CIV, 2021 WL 3639752, at *7-8, *13-14 (S.D. Fla. Aug. 2, 2021) (finding evidence sufficient to infer constructive notice where water was ***tracked in*** from the pool and into the subject area prior to plaintiff's fall), report and recommendation adopted, Case No. 20-22463-CIV, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021); *Thompson v. Wal-Mart Stores E., L.P.*, No. 20-61907, 2022 WL 59678 (S.D. Fla. Jan. 6, 2022) (Altman, J.) (denying summary judgment where plaintiff saw a footprint and ***track marks in the puddle where she slipped***); *Castellanos v. Target Corp.*, No. 10–62456–CIV, 2011 WL

8

5178334, at *4–5 (S.D. Fla. Oct. 14, 2011) (finding a disputed issue of fact as to defendant's constructive knowledge of spilled bleach where there were ***track marks in the bleach puddle***.)

Therefore, because Mattera has alleged that Defendant "knew or should have known that the walkway where the subject incident occurred was wet and Defendant MSC had actual and/or constructive notice of the condition based on . . . ***the dirty and discolored condition of the water that had been tracked and transferred about the floor***" [ECF No. 1 at ¶ 13] (emphasis added), she has plausibly demonstrated Defendant's constructive notice of the hazardous condition, and thus Defendant's Motion to Dismiss should be denied on this basis as well.

## IV.     Defendant's Legal Authorities are Misplaced and Distinguishable

Defendant spills significant ink relying on *Holland v. Carnival*, *Newbauer v. Carnival* and *Rosenberg v. NCL (Bahamas) Ltd*. to support its position that Mattera's factual allegations fail to plausibly demonstrate Defendant's notice. *See* ECF No. 7. While those cases are misplaced and distinguishable for several reasons, the most salient of them all is that ***none of the plaintiffs in those cases ever alleged that the defendant had notice of the hazardous condition due to the defendant's placement of a warning sign in the area where the incident occurred***. *See Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022); *Newbauer v. Carnival Corp.*, 26 F.4th 931 (11th Cir. 2022); *Rosenberg v. NCL (Bahamas) Ltd.*, 2023 WL 1466858 (S.D. Fla. Feb. 2, 2023).

Curiously, Defendant also relies on *Guevara v. NCL (Bahamas) Ltd*. to support its position that Mattera's allegations concerning Defendant's placement of a wet floor sign in the area where she fell are insufficient to plausibly demonstrate notice because it is purportedly "impossible" [ECF. No. 7 at 9] to discern "the connection between the warning and the danger." *Id*. (quoting *Guevara*, 920 F.3d at 721). This argument is easily disposed of, however, because in *Guevara*, the Eleventh Circuit ***reversed*** the district court, and held that "***a cruise ship operator has notice of a***

9

***condition . . . if a sign is posted on a ship warning about the condition***." *Guevara*, 920 F.3d at 722 (emphasis added); *see also Brady*, 33 F. 4th at 1283 ("[A] reasonable inference from the placement of the caution sign is that Carnival knew that the Lido Deck would become slippery when wet.").

Here, Mattera clearly alleged that she "***was caused to slip on a large accumulation of water that was dispersed over a large surface area of the walkway***" [ECF No. 1 at ¶ 12] (emphasis added), and Defendant "knew or should have known that the walkway where the subject incident occurred was wet" based on "***the placement of a 'wet floor' sign that Defendant had previously placed in the vicinity***." *Id.* at ¶ 13 (emphasis added). Given these well-plead factual allegations, it is evident that Mattera has plausibly demonstrated "a connection between the warning and the danger." *Guevara*, 920 F.3d at 721.

To be sure, in a similar maritime slip-and-fall case just a few weeks ago, Defendant attempted to rely on *Guevara* to make the same argument it makes here—i.e., that Plaintiff fails to plausibly demonstrate the warning sign was intended to warn of the risk creating condition at issue. *See Iacoli*, 2024 WL 3509584, at *3 ("MSC counters that [plaintiff] 'made no effort to allege factual content capable of plausibly demonstrating that the alleged 'caution cone' and 'plaque' were intended to warn of the specific risk creating condition at issue.'"). Denying its motion to dismiss, this Court not only rejected Defendant's argument; it vehemently remarked, "***This is absurd***." *Id*. (emphasis added). "***[C]ourts in our Circuit have routinely recognized that—in slip-and-fall cases—the presence of wet-floor signs in the vicinity of wet floors is sufficient, at the pleading stage, to establish a connection between the warning sign and the danger***." *Id*. (emphasis added). Further, this Court also rebuffed Defendant's attempt to make this same argument in *Guerra* as well. *See Guerra*, 2024 WL 1603647, at *3. (rejecting Defendant's

10

argument that "[p]laintiff has made no effort to plausibly allege factual content capable of plausibly demonstrating that the alleged warning sign was intended to warn of the specific risk creating condition at issue" and ***holding "[plaintiff] has plausibly alleged notice based on the 'slippery when wet' warning sign*.") (emphasis added); *see also Williams*, 2024 WL 81346, at \*4 ("***[Plaintiff's] allegations pertaining to the warning signs placed in the subject area suffice to plausibly plead MSC's notice.***") (emphasis added); *Esanu*, 2014 WL 4961426, at \*2 ("***[C]learly, the fact that [d]efendant erected a collapsible caution when wet sign on Deck 14 is evidence that it had actual notice that the blue surface was slippery when wet***") (emphasis added). Accordingly, the same result should obtain here, and Defendant's Motion should be denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied; or to the extent this Court finds any defects in the Complaint, Mattera respectfully requests that any dismissal be without prejudice so she has leave to amend her allegations.

Dated:  August 5, 2024

Respectfully submitted,

By: */s/ Evan M. Robinson*
Justin B. Shapiro (FBN 92036)
Evan M. Robinson (FBN 1031473)
**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile:  305-854-8266
shapiro@leesfield.com
robinson@leesfield.com
alpizar@leesfield.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served upon all counsel of record or pro se parties identified in the manner specified, wither via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Evan M. Robinson*
Fla. Bar No. 1031473

## SERVICE LIST

*Mattera v. MSC Cruises, S.A.*
**Case No.: 24-cv-60907-MD**

| | |
|---|---|
| Justin B. Shapiro, Esq. <br> Evan M. Robinson, Esq. <br> **LEESFIELD & PARTNERS, P.A.** <br> 2350 S. Dixie Highway <br> Miami, FL 33133 <br> Tel: 305-854-4900 <br> Fax: 305-854-8266 <br> shapiro@leesfield.com <br> robinson@leesfield.com <br> alpizar@leesfield.com | Jeffrey B. Maltzman, Esq. <br> Steve Holman, Esq. <br> Matthew C. Renik, Esq. <br> **MALTZMAN & PARTNERS, P.A.** <br> 35 Miracle Mile, Suite 300 <br> Coral Gables, FL 33134 <br> Tel: 305-779-5665 <br> Fax: 305-779-5664 <br> jeffreym@maltzmanpartners.com <br> steveh@maltzmanpartners.com <br> mattr@maltzmanpartners.com |

12