UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60907-CIV-DAMIAN

MARIA MATTERA,

     Plaintiff,

v.

MSC CRUISES, S.A.,

     Defendant.

_____/

ORDER ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT [ECF NO. 7]

**THIS CAUSE** is before the Court on Defendant, MSC Cruises S.A.'s ("MSC"), Motion to Dismiss Plaintiff's Complaint, filed July 29, 2024. [ECF No. 7 (the "Motion")].

THE COURT has considered the Motion, the parties' memoranda [ECF Nos. 8 and 11], the pertinent portions of the record, including the Complaint [ECF No. 1], and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, the Court grants the Motion.

## I. BACKGROUND

In this lawsuit, Plaintiff, Maria Mattera, alleges MSC is liable for injuries she sustained in June 2023 as a passenger aboard the MSC cruise ship the M/S "Meraviglia". Mattera filed the Complaint on May 28, 2024, and asserted a single cause of action for negligence. [ECF No. 1 (the "Complaint")].

Because this is now before the Court on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, this Court accepts the allegations of Plaintiff's Complaint as true and construes them in the light most favorable to the Plaintiff. *Holland v. Carnival Corp.*, 50 F.4th

1088, n.1 (11th Cir. 2022) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)). In the Complaint, Mattera alleges that she was leaving a buffet dining area of the ship on June 19, 2023, walking over a tiled walkway, when she slipped and fell due to a "large accumulation of water that was dispersed over a large surface area of the walkway,"[1] causing a fractured right femur and L1 spinal vertebra with related pain and suffering. *See* Compl. ¶ 12. Mattera claims MSC knew or should have known that the walkway where she slipped was wet and that MSC had actual and/or constructive notice of the condition on fives bases, alleged as follows:

> the large amount of water on the floor, the large surface area that was covered in water, the dirty and discolored condition of the water that had been tracked and transferred about the floor, the placement of a "wet floor" sign that Defendant had previously placed in the vicinity, and the placement of a mop and cleaning kit that had previously been placed in the vicinity.

Compl. ¶ 13.

In the Motion to Dismiss now before the Court, MSC argues that the Complaint should be dismissed because Mattera has failed to plausibly plead MSC's actual or constructive notice. *See generally* Mot. In Response, Mattera asserts that the Complaint goes above and beyond the pleading requirements and presents multiple bases for MSC's notice— specifically, her allegations that MSC placed a "wet floor" sign in the vicinity, that there was a mop and cleaning kit in the area where she fell before the slip, and that the water in the puddle was dirty and discolored. *See generally* ECF No. 8 ("Response"). In its Reply, MSC contends that Mattera has not plausibly demonstrated how any warning sign is capable of imputing notice, that her arguments regarding dirty/discolored water and a mop and cleaning

---

[1] The Court will refer to this as a "puddle."

kit are mere threadbare recitals of the cause of action, and that the cases Mattera cites in support of her arguments involve significantly different factual scenarios. *See generally* ECF No. 11 ("Reply").

The Motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Motion To Dismiss Standard

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

## B. *Pleading Negligence Claims in Maritime Actions*

Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989). To plead negligence in a maritime-tort case, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)). This reasonable-care standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Constructive notice may be established, *inter alia*, by proof that a condition was present for a sufficient period of time, that crewmembers were present at the time of the injury, or through evidence of substantially similar incidents. *See id.*; *Aponte v. Royal Caribbean Cruise Lines Ltd.*, 739 F. App'x 531, 536 (11th Cir. 2018).

### III. DISCUSSION

In the Complaint, Mattera claims MSC is liable based on actual and constructive notice of the allegedly dangerous condition. As to constructive notice, she alleges MSC had constructive notice on the theory that the condition was present for a sufficient period of time

4

and not based on the presence of crew members or through evidence of substantially similar incidents. As set forth above, Mattera alleges several bases in support of MSC's actual and constructive notice: the size of the puddle, the dirty condition of the water in the puddle, the placement of a wet floor sign in the vicinity, and the placement of the mop and cleaning kit in the vicinity. Compl. ¶ 13.

At the outset, the Court generally observes that all of these alleged bases for MSC's notice are alleged in one sentence in one paragraph of the Complaint. The Complaint offers no supporting facts for any of the bases upon which MSC knew or should have known about the dangerous condition and does not include, for example, descriptions of the area of the ship where the injury occurred, the size of the general area or the puddle, nor a description of the "wet floor" sign that was allegedly in the area. In other words, the allegations in support of MSC's constructive notice are barebones. Nonetheless, Mattera claims that merely alleging that the puddle was large and dirty and that there was a warning sign and a cleaning kit "in the vicinity" without more is sufficient to survive dismissal.

As discussed below, this Court disagrees.

### A. Whether the "Wet Floor" Sign Constitutes Evidence of Actual Notice.

Mattera hangs her hat on authorities in which courts have determined that a cruise operator's placement of a warning sign in the area where an incident occurred is sufficient indicia that the cruise operator was on notice of the dangerous condition. MSC argues that Mattera's allegations concerning the warning sign here are insufficient to impute actual notice, because the Complaint fails to allege factual support to establish a connection between the warning sign and the alleged dangerous condition. Mot. at 9. For a warning sign to constitute evidence of actual notice, there must be a connection between the warning and the

danger. *See, e.g.*, *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599 (11th Cir. 2017) (holding that a "watch your step" sticker did not constitute evidence that a cruise line had notice of a slippery condition because it did not mention slipperiness). "[A] cruise ship operator has notice of a condition—and thus a duty to warn—if a sign is posted on a ship warning about the condition" in question. *Guevara*, 920 F.3d at 722.

Mattera cites myriad authorities holding that warning signs placed on cruise ships that alert passengers of the dangerous condition are sufficient to constitute actual notice when a plaintiff alleges damages caused by that dangerous condition. *See* Resp. at 3-4, citing:

- *Brady v. Carnival Corp.*, 33 F. 4th 1278, 1283 (11th Cir. 2022) ("[t]he fact that warning signs were posted on the [ ] deck in the general area of [plaintiff's] fall, when viewed in the light most favorable to [plaintiff], is enough to withstand summary judgment as to notice");
- *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1289 (11th Cir. 2015) (the fact of "posted [warning signs] on the pool deck after rain – viewed in the light most favorable to [the plaintiff], is enough to withstand summary judgment as to notice.");
- *Williams v. MSC Cruises, S.A.*, No. 23-22340-CIV, 2024 WL 81346, at *4 (S.D. Fla. Jan. 8, 2024) (Scola, J.) ("[Plaintiff's] allegations pertaining to the warning signs placed in the subject area suffice to plausibly plead MSC's notice.");
- *Iacoli v. MSC Cruises, S.A.*, No. 24-cv-20082, 2024 WL 3509584, at *3 (S.D. Fla. Jul. 23, 2024) (Altman, J.) ("[C]ourts in our Circuit have routinely recognized that—in slip-and-fall cases—the presence of wet-floor signs in the vicinity of wet floors is sufficient, at the pleading stage, to establish a connection between the warning sign and the danger.");
- *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1094 (S.D. Fla. 2014) (Bloom, J.) (holding the "presence of warning cones" near an alleged slip and fall is evidence from which "a reasonable jury could . . . infer that [the defendant] was on notice of the potentially hazardous condition.") (emphasis added);
- *Esanu v. Oceania Cruises, Inc.*, No. 13–cv–22772–UU, 2014 WL 4961426, at *2 (S.D. Fla. Jul. 18, 2014) (Ungaro, J.) ("[C]learly, the fact that Defendant erected a collapsible caution when wet sign on Deck 14 is evidence that it had actual notice that the blue surface was slippery when wet."); and
- *Henry v. Celebrity Cruises, Inc.*, No. 21-civ-20148-DLG, 2022 WL 466991, at *2 (S.D. Fla. Jan. 26, 2022) (Graham, J.) ("Defendant affixed a sign warning passengers to watch their step on the gangway . . . warning that the floor was wet . . . . this evidence, viewed in the light most favorable to the Plaintiff, creates a genuine issue of fact as to the Defendant's notice of the danger.").

6

MSC contends that "[t]he entirety of Plaintiff's Response is supported almost solely by legal authorities that . . . predate the Eleventh Circuit's decision in *Holland* . . . ." Reply at 1. This Court does not follow MSC's reasoning on this point. The *Holland* decision was published on October 4, 2022, meaning that *Williams* and *Iacoli* were decided after it. *See generally Holland*, 50 F.4th at 1088. More importantly, MSC does not explain how *Holland* alters the Eleventh Circuit's holdings in *Brady* and *Sorrels*, which both hold that alleging facts concerning warning signs in the "general area" of a slip-and-fall is sufficient to impute actual notice onto a shipowner.[2]

This Court does not read *Holland* as abrogating the holdings in *Brady* and *Sorrels*. Instead, the *Holland* court made it clear that a plaintiff's conclusory allegations are insufficient to establish constructive notice. *See Holland*, 50 F.4th at 1095; *see also Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212 (2022) (explaining that a complaint that includes "only conclusory allegations as to actual or constructive notice" to establish a cruise ship's negligence under maritime law is insufficient). That does present a problem for Mattera here, but not for the reasons suggested by MSC.[3]

Based on the many authorities cited by Mattera, this Court agrees with Mattera that, in general, sufficient factual allegations pleading that a cruise ship operator posted a sign

---

[2] As Mattera points out, in *Holland*, the plaintiff did not allege the cruise operator had placed a warning sign in the area where the plaintiff fell.

[3] This Court also agrees with Mattera that "none of the plaintiffs in [MSC's key] cases ever alleged that the defendant had notice of the hazardous condition due to the defendant's placement of a warning sign in the area where the incident occurred." Resp. at 9 (citing *Holland*, 50 F.4th 1088; *Newbauer*, 26 F.4th 931; and *Rosenberg v. NCL (Bahamas) Ltd.*, No. 22-23642-Civ, 2023 WL 1466858 (S.D. Fla. Feb. 2, 2023) (Scola, J.)). This Court has not found any authority that holds that warning signs placed on cruise ships that alert passengers of the dangerous condition cannot constitute actual notice, when a plaintiff sufficiently alleges damages caused by the dangerous condition warned of by such signs.

warning of slippery conditions in the general area where a plaintiff slipped would be sufficient at this stage of the proceedings to impute actual knowledge to the cruise operator. Nevertheless, this Court is not convinced that Mattera has in fact sufficiently alleged that here. The Complaint instead simply asserts, in a conclusory fashion and phrased as a legal conclusion, that "Defendant MSC had actual and/or constructive notice of the condition, based on . . . the placement of a 'wet floor' sign that Defendant had previously placed in the vicinity," Compl. ¶ 13. MSC's point is well-taken that "vicinity" is not defined in the Complaint and instead merely invites the reader to make an "inferential leap[.]" Reply at 3. This Court further agrees with MSC that there are no facts in the Complaint that would show that such a sign even exists—apart from this one allegation, stated as a legal conclusion. *Id.* The reader is left to wonder where the sign was, how close it was to the alleged incident, how big it was, and how long it was there. The fact that a "wet floor" sign was "in the vicinity" is simply not enough, even taking the allegation as true and in the light most favorable to Mattera.

Mattera points to the decision in *Iacoli* where, facing a similar argument from MSC in another alleged slip-and-fall outside a cruise ship buffet, Judge Altman responded to MSC's argument by labeling it "absurd." Resp. at 5 (citing *Iacoli*, 2024 WL 3509584, at *3). However, in that case, MSC argued that the plaintiff "made no effort to allege factual content capable of plausibly demonstrating that the alleged [signs] were intended to warn of the specific risk creating condition at issue[]"—whereas the plaintiff had in fact attached photographs of a wet floor caution cone and a "floor slippery when wet" plaque in the exact location where she allegedly fell, in addition to clearly and distinctly alleging both of those signs were present at the moment of her fall. *Iacoli*, 2024 WL 3509584, at *3. Even though Judge Altman concluded

8

that "Iacoli's complaint sufficiently establishes a connection between the wet floor and the wet-floor warning" separate and apart from the photographs, *id.*, his finding depended on the plaintiff clearly alleging descriptions of the two signs and where and when they were placed. *Id.* Here, unlike *Iacoli*, Mattera has not alleged which type of wet-floor sign was present, its size, nor where or when it was placed.

In those cases in which courts have found that placement of warning signs was sufficient to impute actual knowledge to cruise operators, the plaintiffs included more context. For example, the Plaintiff in *Williams* specifically alleged "there was a yellow 'CAUTION' cone located in the subject area, as well as small signs on the floor of the area stating, 'CAUTION FLOOR SLIPPERY WHEN WET.' . . . Both the cone and the signs on the floor depicted a stick figure person slipping on a surface." *Williams*, 2024 WL 81346, at *4; *see also Guerra v. MSC Cruises, S.A.*, 23-23366-CIV, 2024 WL 1603647, at *1 (S.D. Fla. Apr. 12, 2024) (Scola, J.) (district court imputed actual notice to MSC based on a warning sign where the plaintiff alleged that "the subject area (near a hand sanitizer stand) has a permanent sign on the wall that reads 'floor slippery when wet[.]'"). Here, Mattera has not alleged a message apart from perhaps specifying that the sign was for a "wet floor"—which seems more like a description of a category of signs than a literal account of a particular sign's message.

Put succinctly, Mattera's barebone allegation that a wet floor sign was present in the "vicinity" is not sufficient to impute actual knowledge of the allegedly dangerous condition to MSC.

### B. Whether the Mop and Cleaning Kit Constitute Evidence of Constructive Notice.

Mattera also argues that her pleading that "Defendant MSC had actual and/or constructive notice of the condition, based on . . . the placement of a mop and cleaning kit

9

that had previously been placed in the vicinity" suffices to establish constructive notice. *See* Resp. at 6-8 (citing Compl. ¶ 13). However, the cases Mattera cites in support of this argument almost all stand for the proposition that constructive notice can be established when a plaintiff shows there are crewmembers in the area prior to the fall. *E.g.*, *Thomas v. NCL (Bahamas), Ltd.*, 203 F.Supp.3d 1189, 1192-93 (S.D. Fla. 2016) (Williams, J.) ("Plaintiff has created an issue of fact regarding NCL's constructive notice of the puddle's existence[,]" where a crew member was "cleaning in and around the area of [the] fall" prior to a fall involving transitory substances). Here, Mattera has not pled that any crewmembers were present, and, as such, the cases she relies on are inapposite. MSC's argument—that all the cases cited by Mattera concern summary judgment, and do not speak to the standard a plaintiff must meet to surpass a motion to dismiss, *see* Reply at 11—is also well-taken. Mattera fails to cite any authority holding that a pleading can establish constructive notice to a cruise ship by merely alleging the presence of a mop and cleaning kit without more.

And, just as with the warning signs, the allegation regarding the mop and broom is too conclusory. Plaintiff includes no detail, nor even a general description, of these items, nor, for example, how close the broom was to the area where she slipped or how long it was there. For all these reasons, the Complaint does not plausibly allege MSC's constructive notice based on the alleged presence of a mop and cleaning kit.

### C. Whether the Condition of the Water Constitutes Evidence of Constructive Notice.

Mattera cites good law for the proposition that a court may find constructive notice where a puddle is dirty, scuffed, or has track marks or footprints running through it. *See* Resp. at 8. She argues in conjunction with her pleading that "Defendant MSC had actual and/or constructive notice of the condition, based on . . . the dirty and discolored condition of the

water that had been tracked and transferred about the floor." Resp. at 8-9 (citing Compl. ¶ 13).

As with the mop and cleaning kit, however, the authorities she cites all concern situations where courts, at the summary judgment stage, are considering facts that were gathered in discovery. Here, apart from a single conclusory statement, Mattera fails to plead any facts in support of her allegation that the puddle was dirty or discolored. Mattera fails to cite any authority standing for the proposition that a single conclusory statement phrased as a legal conclusion that mentions dirty and discolored water is sufficient for a plaintiff to state constructive notice at the motion to dismiss stage of the proceedings. This Court finds that the barebones allegation that the water was dirty and discolored, accepted as true and viewed in the light most favorable to Plaintiff, without more, is insufficient to establish constructive notice at this stage of the proceedings.

As such, the Complaint does not plausibly allege MSC's constructive notice based on the conclusory allegation concerning the dirty and discolored condition of the puddle.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff, Maria Mattera, has not sufficiently alleged facts sufficient to support a theory of MSC's actual or constructive notice of the condition that allegedly caused her slip-and-fall. At root, Paragraph 13 of her Complaint reads as a laundry list of possible reasons a cruise line *might* have actual or constructive notice of a dangerous condition causing a slip-and-fall, but the Complaint does not actually plead facts that would establish any such notice. While Mattera's Complaint makes it "*possible* that [MSC] was on notice, it [does] not state a claim that [is] *plausible* on its face sufficient to survive a motion to dismiss." *Holland*, 50 F.4th at 1092 (emphasis in original).

11

However, it is possible that a more carefully drafted complaint including additional factual support might establish MSC's actual or constructive notice. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (cleaned up).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint **[ECF No. 7]** is **GRANTED**.

The Complaint is **DISMISSED WITHOUT PREJUDICE**. In the event Plaintiff intends to file an Amended Complaint, she shall do so **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 26th day of August, 2024.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

12