**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Fort Lauderdale Division**

Case No.: 24-60907-CIV-DAMIAN

MARIA MATTERA

      Plaintiff,

v.

MSC CRUISES, S.A.,
a foreign corporation,

      Defendant.

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Maria Mattera hereby files her First Amended Complaint and sues Defendant MSC Cruises, S.A. ("MSC") for damages, and demands a jury trial on all issues so triable.

**JURISDICTION AND VENUE**

1. This is an action under general maritime law and the laws of Florida as applicable. This action is for damages in excess of the required minimal jurisdictional limit of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest, and is otherwise within the jurisdiction of this Court.

2. Plaintiff Maria Mattera is a resident of New Jersey. Defendant MSC is a foreign corporation with its principal place of business in Broward County, Florida. Accordingly, diversity of citizenship jurisdiction exists for this case under 28 U.S.C. §1332.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant MSC resides in this District and is engaged in and doing business in Broward County, Florida,

with its principal place of business located at 6750 N Andrews Ave #100, Fort Lauderdale, FL 33309.

4.      In addition, jurisdiction and venue are proper against Defendant MSC, as the passenger ticket contract requires that this action be brought in the United States District Court for the Southern District in Broward County, Florida.

5.      Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## THE PARTIES

6.      Plaintiff Maria Mattera is a resident of New Jersey, over the age of eighteen (18) and is otherwise *sui juris*.

7.      Defendant MSC is a foreign, for-profit corporation, engaged in, and conducting business in, Broward County, Florida, with its principal place of business located at 6750 N Andrews Ave #100, Fort Lauderdale, FL 33309.

8.      Defendant MSC is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Fort Lauderdale, Florida. Defendant MSC derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Broward County, Florida.

9.      At all times material hereto, Defendant MSC was the bare-boat charterer of a sea-faring passenger vessel and cruise ship, the *MSC Meraviglia* (the "Subject Vessel").

10.     At all times material, Defendant MSC owned, operated, managed, maintained, supervised, chartered, and/or controlled the Subject Vessel.

## GENERAL ALLEGATIONS

11.     On or about June 19, 2023, Plaintiff Maria Mattera was lawfully and properly a fare-paying passenger and business invitee onboard the Subject Vessel.

2

12.     On June 19, 2023, Plaintiff Maria Mattera was leaving the Marketplace buffet dining area.  While walking over a tiled walkway (the "Subject Walkway"), Plaintiff was caused to slip on a large accumulation of water that was dispersed over a large surface area of the Subject Walkway.  Consequently, Plaintiff fell and sustained serious injuries, including but not limited to, a fractured right femur and a fractured L1 spinal vertebra.  Plaintiff continues to suffer from her injuries and will require long-term medical treatment for the injuries she sustained.

13.     Two photographs of the Subject Walkway are attached below, and they were taken roughly 10-20 minutes following the Subject Incident on June 19, 2023.

14.     Both photographs fairly and accurately depict the Subject Walkway as it appeared on the date and time of the incident, except that, at the time of the Subject Incident, the yellow "CAUTION" sign depicted in the second photograph below was located roughly 5 feet in front of the door pictured in the first photograph below, which is approximately 10-15 feet away from the area where Subject Incident occurred.



15.     Immediately following the Subject Incident, however, Defendant MSC' employee picked up the yellow caution that was located roughly 5 feet beyond the door and moved it closer to the specific area where Plaintiff fell, as show in the photograph below.



**Area where the yellow caution sign was moved immediately after the subject incident.**

16.     **<u>NOTICE: CAUTION SIGN</u>**.  Defendant MSC knew or should have known that the Subject Walkway where the Subject Incident occurred was wet and slippery, and Defendant MSC had actual notice of this dangerous condition given that, at least thirty (30) minutes prior to the Subject Incident, Defendant's employee placed a yellow "CAUTION" sign 10-15 feet away from the area where Plaintiff fell, and that yellow "CAUTION" sign clearly depicts a stick figure person slipping on a surface.  And because the yellow "CAUTION" sign clearly depicts a stick figure person slipping on a surface (as shown in the photograph below), it is evident the yellow "CAUTION" sign was meant to warn passengers, including Mattera, that the Subject Walkway was wet and slippery.



17.     **<u>NOTICE: CREW MEMBER IN THE AREA.</u>**  In addition, Defendant MSC knew or should have known that the Subject Walkway where the Subject Incident occurred was wet, and Defendant MSC had actual and/or constructive notice of the dangerous condition because there was an MSC crewmember in the subject area within 10-15 feet of the exact location of Mattera's fall who witnessed the Subject Incident, and who was within plain viewing distance, close enough to have observed the water on the Subject Walkway and warned Mattera of it since this crewmember was looking right in the direction of the Subject Walkway.  Defendant's crewmember, however, failed to clean up the water prior to Mattera's fall.  Unlike Defendant's crewmember, Mattera was unable to see the water on the Subject Walkway due to the shiny polish obscuring it, and she was not trained to look closely at this surface for the presence of hidden liquid like Defendant's crewmembers are or should have been given their knowledge that the Subject Walkway is very slippery when wet, as evidenced by the warning sign they placed on the Subject Walkway.

5

18.     Immediately after Mattera fell, one of Defendant MSC's male crewmembers wearing his MSC uniform, who was either Filipino, Asian or Hispanic (not Caucasian or Black)[1], approached Mattera's son, Steven, and said to him, "We're so sorry.  We were just on our way back to clean that up," as the crewmember pointed to the water on the ground in the exact spot Mattera fell.  Upon information and belief, Defendant MSC has policies and procedures forbidding their crewmembers and housekeeping personnel from abandoning spills once they become aware of them, and that is the industry standard for cruise lines.  This crewmember's actual knowledge is indisputable evidence of notice.

19.     **NOTICE: MOP AND CLEANING KIT**.  Moreover, Defendant MSC knew or should have known that the Subject Walkway where the Subject Incident occurred was wet and slippery, and Defendant MSC had actual notice of the dangerous condition due to the fact that Defendant's employee placed a yellow mop and blue cleaning kit in the exact area where Plaintiff fell (as shown in the above photographs) roughly 15 minutes prior to the Subject Incident.  Thus, Defendant's employee observed the presence of the water on the Subject Walkway, had a sufficient opportunity to clean it up, but failed to do so.

20.     **NOTICE: SIZE OF THE WET AREA**.  Furthermore, Defendant MSC knew or should have known that the walkway where the Subject Incident occurred was wet, and Defendant MSC had constructive notice of the condition, based on the size of the wet area, which was at least 2 feet by 10 feet in diameter.

21.     **NOTICE: DEFENDANT'S PREVENTATIVE/CORRECTIVE MEASURES**.  Additionally, Defendant MSC knew or should have known that the walkway where the Subject

---

[1] Mattera's son, Steven, will be able to identify the crewmember in deposition and/or through discovery.

Incident occurred was wet, and Defendant MSC has constructive notice of the condition because Defendant's crewmembers and housekeeping personnel are specifically instructed to be constantly mopping and drying the floor in the area where the Subject Incident occurred, and Defendant's policies and procedures require its employees to clean up liquid on the floor as soon as it is seen to avoid slip and falls.

22.     **NOTICE: CONDITION OF THE WATER**.  Finally, Defendant MSC knew or should have known that the walkway where the subject incident occurred was wet, and Defendant MSC had actual and/or constructive notice of the condition based on the dirty and discolored condition of the water that had been tracked and transferred about the floor.  Specifically, immediately after Mattera fell, she noticed that there were multiple footprints in the liquid that were not hers as well as dirt and track marks in the puddle that ran in various angles along the Subject Walkway.

23.     At all relevant times, Defendant MSC had the ability to eliminate the hazardous condition, but failed to do so.  For example, Defendant MSC could have blocked off the Subject Walkway before the Subject Incident occurred, but failed to do so.

24.     The hazardous conditions existing at the time of the Subject Incident were neither open nor obvious to Mattera because she was unable to see the water on the Subject Walkway due to the shiny polish obscuring it, and she was not trained to look closely at this surface for the presence of hidden liquid on it like Defendant's crewmembers are or should have been given their knowledge that the Subject Walkway was very slippery, as evidenced by the warning sign they placed on the Subject Walkway.  Moreover, Mattera was unable to see the nearby yellow "CAUTION" sign because a fellow passenger was standing in front of it just before the Subject Incident occurred.  In addition, there were many caution signs placed all throughout the ship during

the subject cruise such that Mattera did not realize this area was substantially more dangerous than all of the other areas on the ship where Defendant placed caution and/or warning signs.

## COUNT I
## NEGLIGENCE

25.     Plaintiff realleges and incorporates paragraphs 1 through 23 as if fully set forth herein, and further alleges:

26.     Defendant MSC owed a duty to Plaintiff to exercise reasonable care under the circumstances in maintaining the premises of the Subject Vessel in a reasonably safe condition.

27.     Defendant MSC breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions, and was negligent in the operation, maintenance, and control of the Subject Vessel in the following respects:

    a. Failing to exercise reasonable care for the safety of its passengers, including Plaintiff, and creating a dangerous condition in or near the Marketplace buffet dining area;

    b. Failing to maintain the floor in the Marketplace buffet dining area in a reasonably safe condition for use by its passengers, including Plaintiff;

    c. Abandoning an unreasonably dangerous walkway that it knew was wet and slippery;

    d. Violating its own policies and procedures by abandoning a wet walkway;

    e. Failing to take corrective measures in a sufficient amount of time upon noticing the dangerous condition posed by the wet floor in the Marketplace buffet dining area;

    f. Failing to provide a reasonably safe floor surface for its passengers and utilizing a floor surface that Defendant knew or, in the exercise of reasonable diligence, should have known did not contain an adequate coefficient of friction;

    g. Failing to properly inspect the floor in the Marketplace buffet dining area prior to the Plaintiff's slip and fall incident;

    h. Failing to warn passengers, including Plaintiff, whom Defendant knew or should have known would be traversing the Marketplace buffet dining area, of the dangerous condition that existed;

i.   Failing to adequately place warning signs, cones, or barricades to warn passengers, including Plaintiff, of the dangerous condition presented by the wet and unreasonably slippery floor where Plaintiff fell;

j.   Allowing a dangerous condition to exist, notwithstanding Defendant's knowledge of prior incidents involving slip and falls occurring on similar flooring surfaces on the Subject Vessel and other vessels in Defendant's fleet of cruise ships;

k.   Failing to adequately investigate and address prior and subsequent incidents involving similar circumstances aboard the Subject Vessel and other vessels within Defendant's fleet of cruise ships;

28.   Defendant MSC was in direct control of the Subject Vessel and the area where the Plaintiff was injured.

29.   Defendant MSC had actual or constructive notice of the dangerous condition for the reasons discussed in paragraphs 14-22 of the instant Complaint, but Defendant failed to exercise reasonable care to prevent the Subject Incident from occurring.

30.   As discussed in paragraphs 14-22 of the instant Complaint, the dangerous condition posed by the wet and unreasonably slippery walkway in the Marketplace buffet dining area existed for a sufficient length of time such that Defendant MSC, in the exercise of reasonably diligence, knew or should have known about the dangerous condition and should have taken corrective measures to remedy it.  Further, the dangerous condition occurred with such frequency that the Defendant knew or should have known of its existence, and should have taken corrective measures to remedy it.

31.   As a direct and proximate result of the Defendant MSC's aforesaid negligence, Plaintiff MARIA MATTERA has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money in the past and future and aggravation of a known or unknown previously existing condition.  The

9

losses are either permanent or continuing in nature, and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff MARIA MATTERA demands judgment against Defendant MSC in an amount in excess of $75,000 to be determined at trial by a jury, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.

Dated: September 4, 2024

Respectfully submitted,

**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
Email: shapiro@leesfield.com
robinson@leesfield.com
alpizar@leesfield.com

By: /s/ *Justin B. Shapiro*
**JUSTIN B. SHAPIRO**
Fla. Bar No. 92036
**EVAN M. ROBINSON**
Fla. Bar No. 1031473

*Attorneys for Plaintiff*